# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>        Petitioner,<br><br>    v.<br><br>J. MACOMBER,<br><br>        Respondent. | Case No. 1:16-cv-01428-EPG-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Gregory W. Stewart is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF No. 5).

In the instant petition, Petitioner challenges his 1994 conviction in the Merced County Superior Court. As Petitioner has previously sought federal habeas relief with respect to the challenged conviction, the Court finds that dismissal of the petition is warranted pursuant to 28 U.S.C. § 2244(b) because it is an unauthorized successive petition.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

1

1  to file a response, if it "plainly appears from the petition and any attached exhibits that the
2  petitioner is not entitled to relief in the district court." A federal court must dismiss a second or
3  successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The
4  court must also dismiss a second or successive petition raising a new ground unless the petitioner
5  can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual
6  basis of the claim was not previously discoverable through due diligence, and these new facts
7  establish by clear and convincing evidence that but for the constitutional error, no reasonable
8  factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §
9  2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or
10 successive petition meets these requirements.

11      Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by
12 this section is filed in the district court, the applicant shall move in the appropriate court of
13 appeals for an order authorizing the district court to consider the application." In other words, a
14 petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
15 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must
16 dismiss any second or successive petition unless the Court of Appeals has given a petitioner
17 leave to file the petition because a district court lacks subject-matter jurisdiction over a second or
18 successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

19      In the instant petition, Petitioner challenges his 1994 conviction in the Merced County
20 Superior Court for sale of a controlled substance. (ECF No. 1). Petitioner has filed multiple
21 federal habeas petitions in this Court challenging the same conviction. See Stewart v. McGrath,
22 No. 1:00-cv-05452-SMS (dismissed as untimely); Stewart v. Sullivan, No. 1:06-cv-01400-
23 WMW (dismissed as unauthorized successive petition); Stewart v. Adams, No. 1:09-cv-00685-
24 GSA (same); Stewart v. Adams, No. 1:09-02212-JLT (same); Stewart v. Adams, No. 1:10-cv-
25 00954-AWI-DLB (same); Stewart v. Macomber, No. 1:11-cv-00814-DLB (same); Stewart v.
26 Macomber, No. 1:12-cv-00594-JLT (same); Stewart v. Macomber, No. 1:14-cv-00266-AWI-
27 MJS (same); Stewart v. Macomber, No. 1:15-cv-00051-SKO (same); Stewart v. Macomber, No.
28 1:15-cv-01592-SMS (same).

The Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The Clerk of Court is DIRECTED to CLOSE the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 8, 2016**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE